COMMONWEALTH CASUALTY COMPANY *v.* CINDER BLOCK AND MATERIAL COMPANY.

[No. 15,002.   Filed November 10, 1933.]

*Bingham, Mendenhall & Bingham,* for appellant.

*James M. Berryhill* and *Edwin C. Berryhill,* for appellee.

KIME, C. J.—This is an attempt to appeal under the statute providing for a term time appeal. When the motion for a new trial was overruled on February 27th, 1933, the trial court granted a period of thirty days within which appellant could file a bond, to the approval of the court, in the sum of $2,000.00, and sixty days was granted within which to file a bill of exceptions. The record does not disclose that the surety was named or that the bond, as filed, was approved by the court at the time the order was

made or at any time during that term. The bond was filed March 22nd, 1933, by appellant in the sum of $2,000.00 with International Reinsurance Company as surety, which bond was approved by the court. Since the bond was not filed and approved during the term the term time appeal was not completed; therefore, this appeal could only be a vacation appeal and notice to the adverse party is required. We can not overlook the fact that Burns Ann. Ind. Statutes, 1926, §1532 (§1600, Baldwin's Ind. Ann. Stat. 1934), fixes the terms of the Superior Courts as follows: "The terms of said court shall commence on the first Monday of each month, except the months of July and August; but terms of said court may be held in said months for the transaction of business pending in said court, if directed by said court at a general term; and the terms of said court shall be called after the different months in which they are held, and they may be continued and held from the time of their commencements every day (Sundays excepted) until and including the Saturday before the first Monday of the succeeding month." No notice of this appeal has been given and this cause has been on the docket of this court for more than ninety days with no attempt having been made to obtain service upon the appellee. The appellee has entered a special appearance for the purpose of filing a motion to dismiss and such motion is now sustained under rule 36 of this Court.